**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

|  |  |  |
|---|---|---|
| DEWEY A. BARNETT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:26-cv-00139-JAR |
| | ) | |
| GREGORY HANCOCK, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

Dewey Austin Barnett, a self-represented prisoner at the Southeast Correctional Center in

Charleston, Missouri, filed a petition for habeas corpus under 28 U.S.C. § 2254. Doc. 1. Barnett

challenges his 2022 Jefferson County convictions for first-degree assault and armed criminal

action. *See State v. Barnett*, No. 18JE-CR03039-01 (23rd Jud. Cir. 2018). Barnett presently

maintains three other § 2254 petitions attacking the same judgment of conviction: *Barnett v.*

*Hancock*, No. 1:26-cv-00141-SNLJ; *Barnett v. Hancock*, No. 1:26-cv-00077-SRW; and *Barnett v.*

*Hancock*, No. 1:26-cv-00109-SRW. For the reasons below, the Court dismisses this petition

without prejudice.

### I.    Background

A Jefferson County jury convicted Barnett of first-degree assault and armed criminal action

on June 9, 2022. *State v. Barnett*, No. 18JE-CR03039-01. The Circuit Court sentenced him on

August 8, 2022, to consecutive terms totaling twenty-seven years. *Id.* The Missouri Court of

Appeals affirmed Barnett's convictions but reversed and remanded for resentencing on the

consecutive-sentence issue. *State v. Barnett*, 696 S.W.3d 421, 433 (Mo. App. E.D. 2024). The

Missouri Court of Appeals denied rehearing and transfer on June 24, 2024, and the Missouri

Supreme Court denied transfer on September 3, 2024. On remand, the Circuit Court entered an Amended Sentence and Judgment on May 23, 2025, imposing concurrent terms pursuant to a joint agreement between Barnett and the State. *State v. Barnett*, No. 18JE-CR03039-01. Barnett dismissed his Rule 29.15 motion the same day. *Barnett v. State*, No. 24JE-CC01215. Barnett appealed the Amended Sentence and Judgment, and the Missouri Court of Appeals dismissed that appeal on December 23, 2025.

Since October 2025, Barnett has filed seven § 2254 petitions in this District challenging these same convictions. The Court previously closed three of those matters: *Barnett v. Hancock*, No. 1:25-cv-00170-SRC (dismissed without prejudice Dec. 11, 2025, on Barnett's withdrawal); *Barnett v. Hancock*, No. 1:25-cv-00189-SNLJ (dismissed without prejudice Mar. 27, 2026, on Barnett's withdrawal); and *Barnett v. Hancock*, No. 1:26-cv-00140-SPM (dismissed without prejudice June 17, 2026, on Barnett's withdrawal). Four cases, including the present action, remain pending: *Barnett v. Hancock*, No. 1:26-cv-00141-SNLJ (filed June 11, 2026, with voluntary dismissal pending); *Barnett v. Hancock*, No. 1:26-cv-00077-SRW (filed April 15, 2026, with voluntary dismissal pending); and *Barnett v. Hancock*, No. 1:26-cv-00109-SRW (filed May 19, 2026, with show-cause response on timeliness due July 8, 2026). Barnett filed the present action on June 11, 2026. Doc. 1. Each petition challenges Barnett's 2022 Jefferson County convictions.

## II.    Discussion

Federal district courts have the "inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016). A petitioner seeking federal habeas relief under 28 U.S.C. § 2254 must present all available grounds for relief in a single petition. *See* Rule 2(c), Rules Governing Section 2254 Cases ("The petition must . . . specify all the grounds for relief available to the petitioner."). The

2

Antiterrorism and Effective Death Penalty Act (AEDPA) reinforces this requirement through 28 U.S.C. § 2244(b), which conditions a second or successive petition on prior authorization from the court of appeals and bars claims that could have been raised in an earlier petition. *See Burton v. Stewart*, 549 U.S. 147, 152-53 (2007) (per curiam); *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc) ("[A] plaintiff has no right to maintain two actions on the same subject in the same court, against the same defendant at the same time.").

Barnett's petition attacks the same convictions as his three other pending petitions and as the four previously dismissed petitions. Barnett cannot litigate piecemeal challenges to a single state judgment through concurrent federal habeas actions. The proper vehicle for Barnett's claims is a single petition encompassing all grounds for relief, filed in compliance with 28 U.S.C. § 2254 and the Rules Governing Section 2254 Cases. *See* Rule 2(c), Rules Governing Section 2254 Cases; *Burton*, 549 U.S. at 154 (rejecting an approach that "would allow prisoners to file separate habeas petitions in the not uncommon situation where a conviction is upheld but a sentence is reversed," noting that such piecemeal litigation is "inconsistent with . . . AEDPA" (internal citations and quotation marks omitted)). Accordingly, the Court dismisses Barnett's petition without prejudice.

## III.   Certificate of Appealability

The Court will not issue a certificate of appealability. To obtain a certificate, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the Court denies a habeas petition on procedural grounds without reaching the merits, the petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Barnett has not made that showing.

## IV.    Conclusion

For the foregoing reasons, the Court dismisses this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Barnett's petition is **DISMISSED** without prejudice.

A separate Order of Dismissal accompanies this Memorandum and Order.

Dated this 1st day of July 2026.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4